UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KAREN PORCIELLO,

    Plaintiff,

v.                                        CASE NO. 8:14-CV-1511-T-17AEP

BANK OF AMERICA, N.A.,
Etc.,

    Defendant.

_____/

ORDER

This cause is before the Court on:

Dkt. 9    Motion to Dismiss
Dkt. 16    Response in Opposition

This case was removed from Manatee County Circuit Court on June 23, 2014. The basis of jurisdiction is diversity.

Plaintiff Karen Porciello's Complaint includes the following claims:

| | |
|---|---|
| Count I | RESPA Violations: 12 U.S.C. Sec. 2605(e)(1) and (e)(2) |
| Count II | Breach of Contract - Third Party Beneficiary |
| Count III | Breach of Good Faith and Fair Dealing, Fla. Stat. 671.203 |
| Count VI | FCCPA Violations: Fla. Stat. 559.72(6) and 559.72(9) |
| Count V | FDCPA Violations: 15 U.S.C. Secs. 1692d, 1692e, 1692f |
| Count VI | FDUTPA Violation |
| Count VII | Negligent Infliction of Emotional Distress |

Case No. 8:14-CV-1511-T-17AEP

Plaintiff seeks declaratory judgment and injunctive relief, actual damages, statutory damages and punitive damages, and the award of costs and attorney's fees. Plaintiff further demands a jury trial.

Plaintiff Porciello's claims relate to a mortgage loan and note Plaintiff executed on November 15, 2007 in connection with the purchase of Plaintiff's homestead property located at 6919 44th Court E., Ellenton, FL 34222. Plaintiff's claims are based on the conduct outlined in paragraphs 15 through 30 of the Complaint (Dkt. 2, pp. 3-4):

> 1. Plaintiff sought loss mitigation options from Defendant and/or its predecessors in interest to keep her home.
>
> 2. Defendant and/or its predecessors in interest represented to the Plaintiff that the Mortgage had to be in default for consideration of loss mitigation options;
>
> 3. Plaintiff stopped payments on the Mortgage as instructed by and in reliance upon the representation of the Defendant and/or its predecessors in interest;
>
> 4. On or about September of 2008, after several months of missed payments, Defendant and/or its predecessors in interest offered Plaintiff a Home Saver Advance Program that required Plaintiff to sign a promissory note and second mortgage on the property for payment of the arrearages or face foreclosure of the property;
>
> 5. Rather than reducing Plaintiff's monthly mortgage debt, Defendant and/or is predecessors in interest increased Plaintiff's monthly mortgage debt by requiring Plaintiff to pay her regular monthly payment on the first Mortgage as well as requiring Plaintiff to pay regular monthly payment on the arrearage consisting of a 4.64% interest rate;
>
> 6. On or about May 21, 2012, Defendant approved Plaintiff for a Trial Period Plan on the Mortgage;
>
> 7. Plaintiff made payments pursuant to the Trial Period Plan;
>
> 8. Defendant later denied the Plaintiff for the loan modification citing a

Case No. 8:14-CV-1511-T-17AEP

refusal to accept the offer as the basis for denial;

9. Plaintiff complied with all requirements to qualify for a permanent modification. However, Defendant failed to modify the loan according to applicable loan modification guidelines;

10. Also, the annual percentage rate on the Mortgage was overstated by .307% after credit towards the Plaintiff closing costs;

11. Defendant charged unauthorized fees for payments by phone, property inspections, and attorney fees and court costs;

12. Defendant misapplied funds from Plaintiff's escrow account to Plaintiff's regular mortgage payment for November, 2008;

13. Defendant improperly held over $607.00 in an unapplied funds account from November, 2008 through December, 2009;

14. December also continuously applied Plaintiff's payments to an unapplied funds account beginning in January, 2012 without authority or authorization and in violation the Mortgage and the law;

15. On or about May 1, 2012 and September 14, 2012, Plaintiff sent Defendant letters as a qualified written request and debt dispute letters. Copies of the letters are attached hereto as Composite Exhibit "B"

16. Defendant failed to properly respond [to] the Defendants' (sic) letters sent as qualified written requests and dispute of the debt.

Defendant Bank of America, N.A., etc., moves for dismissal of all Counts of the Complaint.

I. Standard of Review
A. Fed. R. Civ. P. 12(b)(6)

"Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." "[D]etailed factual allegations" are not required, Bell Atlantic v. Twombly, 550 U.S. 544, 555 (2007),

3

Case No. 8:14-CV-1511-T-17AEP

but the Rule does call for sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face," Id., at 570. A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id., at 556. Two working principles underlie Twombly. First, the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements. Id., at 555. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim is context-specific, requiring the reviewing court to draw on its experience and common sense. Id., at 556. A court considering a motion to dismiss may begin by identifying allegations that, because they are mere conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the complaint's framework, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. See Ashcroft v. Iqbal, 129 S.Ct. 1937, 1955-1956 (2009)(quoting Bell Atlantic v. Twombly, 550 U.S. 544 (2007).

B. Consideration of Documents Attached to the Complaint or Incorporated

The Court limits its consideration to well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed. La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004). The Court may consider documents which are central to plaintiff's claim whose authenticity is not challenged, whether the document is physically attached to the complaint or not, without converting the motion into one for summary judgment. Speaker v. U.S. Dept of Health and Human Services Centers for Disease Control and Prevention, 623 F.3d 1371, 1379 (11th Cir. 2010); SFM Holdings, Ltd. v. Banc of America Securities, LLC, 600 F.3d 1334, 1337 (11th Cir. 2010); Day v. Taylor, 400 F.3d 1272, 1276 (11th Cir. 2005);

4

Case No. 8:14-CV-1511-T-17AEP

<u>Maxcess, Inc. v. Lucent Techs., Inc.</u>, 433 F.3d 1337, 1340 n. 3 (11th Cir. 2005).

II. Discussion

A. Count I   RESPA Violations

Defendant moves to dismiss for insufficient factual allegations of actual or statutory damages. See <u>Farson v. Carrington Mortg. Services, LLC</u>, 2013 WL 5705565 at *5 (M.D. Fla. Oct. 18, 2013). Defendant seeks dismissal because Plaintiff has not identified any pecuniary harm based on the alleged RESPA violations.

Plaintiff responds that the allegations of the Complaint demonstrate that Defendant is a servicer, that QWR's were received from the borrower, that the QWR related to the servicing of the loan, that Defendant did not adequately respond, and that Plaintiff suffered damages and is therefore entitled to actual and/or statutory damages. Plaintiff contends the allegations of the Complaint are sufficient.

Plaintiff's RESPA claims are derived from 12 U.S.C. Secs. 2605(e)(1)(A) and (e)(2). Sec. 2605(e)(1)(A) provides that, if a servicer of a federally related mortgage loan receives a QWR from the borrower for information relating to the servicing of the loan, the servicer must provide a written response acknowledging receipt of the correspondence within a certain number of days. See 12 U.S.C. Sec. 2605(e)(1)(A). Section 2605(e)(2) requires a servicer in receipt of a QWR "to make appropriate corrections to the account, provide a written explanation or clarification to the borrower regarding why the servicer believes the account is correct, or provide information requested by the borrower and the name of a contact person."

A "qualified written request" ("QWR") is a written correspondence from borrower to servicer that: 1) includes or otherwise enables a servicer to identify the name and

Case No. 8:14-CV-1511-T-17AEP

account of the borrower; and 2) includes a statement of the reasons for belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by borrower.

Plaintiff Porciello must show that: 1) Defendant is a loan servicer; 2) Defendant received a QWR from Plaintiff; 3) the QWR relates to servicing of mortgage loan; 4) Defendant failed to respond adequately; and 5) Plaintiff is entitled to actual or statutory damages.

The Court notes Plaintiff's correspondence to Defendant dated May 1, 2012. (Dkt. 1-1, pp. 46-49), which includes a request for twenty-two items. Defendant acknowledged receipt on May 9, 2012 (Dkt. 9-2, p. 2) and responded on July 19, 2012 (Dkt. 9-3, pp. 2-3).

Plaintiff alleges another QWR on September 14, 2012. The document is not attached to the Complaint, and the Court does not know the content of the document. Defendant acknowledged and responded to Plaintiff's QWR on September 25, 2012 (Dkt. 9-4, pp. 2-7). Some requests for documentation were declined as beyond what is available under the RESPA or other consumer protection statutes.

Plaintiff has sought statutory damages as well as actual damages. As a matter of law, the failure to respond to two QWR's is insufficient to establish a pattern and practice of non-compliance with the requirements of RESPA. See McLean v. GMAC Mortg. Corp., 595 F.Supp.2d 1360 (S.D. Fla. 2009, aff'd 398 Fed. Appx. 467 (11th Cir. 2010). The Court therefore grants Defendant's Motion to Dismiss as to the request for statutory damages.

In Count I, Plaintiff alleges "as a result of the above violations of RESPA, Defendant is liable to the Plaintiff for all damages, attorney's fees and costs."

Case No. 8:14-CV-1511-T-17AEP

RESPA has been held to be a consumer protection statute, and as such the term "actual damages" is to be construed broadly.  In determining the Motion to Dismiss, the Court takes the allegations of the Complaint to be true, and construes the allegations in favor of Plaintiff.  After consideration, the Court denies the Motion to Dismiss as to Plaintiff's claim for actual damages.

The Court grants Defendant's Motion to Dismiss Count I in part as to statutory damages, and denies Defendant's Motion as to actual damages.

Count II   Breach of Contract - Third Party Beneficiary - SPA

Defendant argues that Plaintiff does not have standing to maintain a cause of action because there is no private cause of action under HAMP and Plaintiff is not an intended third-party beneficiary of the SPA.  Zoher v. Chase Home Financing, 2010 WL 4064798 at *3-5 (S.D. Fla. Oct. 15, 2010); Hoffman v. Bank of America, N.A., 2010 WL 2635773 at *5 (N.D. Cal. June 30, 2010).

Plaintiff Porciello responds that Plaintiff has a right of action as an intended third-party beneficiary, relying on Florida law.

The Amended and Restated Commitment to Purchase Financial Instrument and Servicer Participation Agreement (Dkt. 1-1, 1-2) ("SPA") provides that the Agreement shall be governed and construed under Federal law and not the law of any state or locality, without reference to or application of the conflicts of law principles.  (Dkt. 1-1, p. 62, par. 11A).  The SPA further provides that "The Agreement shall inure to the benefit of and be binding upon the parties to the Agreement and their permitted successors-in-interest." (Dkt. 1-1. p. 63, par. 11E).  The SPA further identifies the actions which constitute a default, and the remedies available to Fannie Mae in the event of a default.

Case No. 8:14-CV-1511-T-17AEP

In the preliminary recitals to the SPA, the Agreement provides that Fannie Mae's roles as to the Home Affordable Modification Program and other Programs include administrator and record keeper, and Freddie Mac's role is that of compliance agent for the Programs. (Dkt. 1-1, p. 51).

"According to federal common law, a third party must be an intended, rather than incidental, beneficiary in order to enforce a contract. Federal common law, in deciding whether a third party beneficiary may sue, looks to the same considerations as does the Restatement of Contracts."  Rivera v. Bank of America Home Loans, 2011 WL 1533474 at *7 (E.D.N.Y. Apr. 21, 2011).  Section 302 of the Restatement (Second) of Contracts provides that "[u]nless otherwise agreed between promisor and promisee, a beneficiary of the promise is an intended beneficiary if recognition of a right to performance in the beneficiary is appropriate to effectuate the intention of the parties and...(b) the circumstances indicate that the promisee intends to give the beneficiary the benefit of the promised performance." Restatement (Second) of Contracts Sec. 302(1) (1981).  In the context of a government contract, the Restatement provides that "[g]overnment contracts often benefit the public, but individual members of the public are treated as incidental beneficiaries unless a different intention is manifested." Restatement (Second) of Contracts Sec 313 cmt. a.  Section 313 of the Restatement (Second) of Contracts provides:

> a promisor who contracts with a government or governmental agency to do an act for or render a service to the public is not subject to contractual liability to a member of the public for consequential damages resulting from performance or failure to perform unless (a) the terms of the promise provide for such liability; or (b) the promisee is subject to liability to the member of the public for the damages and a direct action against the promisor is consistent with the terms of the contract and with the policy of the law authorizing the contract and prescribing remedies for its breach.

Restatement (Second) of Contracts Sec. 313(2)(1981).

Case No. 8:14-CV-1511-T-17AEP

Even if the Court found that the purpose of the SPA was to provide loan modifications to qualified borrowers like Plaintiff, the language of the contract establishes that direct action by a third party beneficiary would be inconsistent with the terms of the SPA. An eligible borrower could not seek to enforce the terms of the SPA in the absence of a specific provision creating a private right of action to enforce the SPA. Other courts construing the same language present in the SPA, referenced above, have found that the terms of the SPA preclude an eligible borrower from enforcing its provisions. See, e.g., Rivera v. Bank of America Home Loans, 2011 WL 1533474 at *7 (E.D.N.Y. April 21, 2011).

The Court takes judicial notice of the HAMP guidelines. Neither the HAMP guidelines nor 12 U.S.C. Sec. 520, et seq. (Emergency Economic Stabilization Act of 2008) expressly provide for a private right of action; Congressional intent indicates that compliance authority was delegated solely to Freddie Mac.

After consideration, the Court grants Defendant's Motion to Dismiss Count II for lack of standing.

Count III   Breach of Good Faith and Fair Dealing

Defendant moves to dismiss Count III because Plaintiff does not allege any facts to support the allegation of misapplication of payments and proceeds in accordance with the contract and by assessing interest, fees, expenses, advances to the loan in violation of the contract and the law. Defendant argues that Plaintiff has not identified a specific violation of the Note or Mortgage, and therefore Plaintiff cannot maintain an independent cause of action for violation of Sec. 671.203, Fla. Stat.

Plaintiff responds that Plaintiff has plead facts that show Defendant did not act in good faith, relying on the allegation of failing to apply Plaintiff's payments and proceeds

Case No. 8:14-CV-1511-T-17AEP

in accordance with the contract and by assessing interest, fees, expenses, advances to the loan in violation of the contract and law.

In the Complaint, Plaintiff Porciello alleges that Defendant did not apply Plaintiff's payments and proceeds in accordance with the contract, and by assessing interest, fees, expenses and advances to the loan in violation of the contract and the law. The terms of the Note and Mortgage specify how payments are to be applied, what interest rate is charged, and what fees can be charged. Plaintiff must establish a breach of a specific term of the Note and Mortgage before Plaintiff's claim of breach of good faith and fair dealing can proceed. A breach of the implied covenant of good faith and fair dealing is not an independent cause of action, but attaches to the performance of a specific contractual obligation. See Centurion Air Cargo v. UPS Co., 420 F.3d 1146, 1151-52 (11th Cir. 2005).

Plaintiff has not included a claim for breach of contract as to the terms of the Note and Mortgage in Plaintiff's Complaint, although Plaintiff has included factual allegations that may support a claim for breach of contract. After consideration, the Court grants Defendant's Motion to Dismiss, with leave to file an amended complaint within fourteen days.

Count IV   FCCPA - Sec. 559.72, Fla. Stat.

Defendant seeks dismissal of Count IV for failure to allege sufficient facts showing a violation of the FCCPA. Plaintiff's FCCPA claim is based on a violation of Sec. 559.72(6) and Sec. 559.72(9), Fla. Stat.

Plaintiff responds that Plaintiff has sufficiently pled facts applicable to Sec. 559.72(6) by alleging that Defendant failed to provide verification of the amount fo the debt and continued its debt collection efforts after Plaintiff disputed the debt in writing

10

Case No. 8:14-CV-1511-T-17AEP

within thirty days of receiving notice of the debt validation rights, if such notice was given.

In the Complaint, Plaintiff Porciello alleges that Defendant violated FCCPA Sec. 559.72(6) by failure to provide verification of the amount of the debt, and continued its debt collection efforts after Plaintiff disputed the debt in writing within thirty days of receiving notice of debt validation rights. Plaintiff alleges that Defendant violated FCCPA Sec. 559.72(9) by attempting to collect a debt when Defendant knew the amount of the debt was not legitimate, and Defendant tried to collect collection fees in excess of fees allowed when Defendant knew the right to collect fees did not exist.

Sec. 559.72(6) requires that, if a disclosure of the existence of a debt has been made, and the person who discloses later receives notice that any part of the debt is disputed, and if the dispute is reasonable, the person who made the disclosure must reveal, upon request of the debtor within thirty days, the details of the dispute to each person to whom disclosure of the debt without notice of the dispute was made within the preceding ninety days.

Plaintiff's allegations of Defendant's alleged failure to provide verification of the amount of the debt are not sufficient to establish a violation of Sec. 559.72(6). The allegations do not include any allegation of disclosure to a third party. After consideration, the Court grants Defendant's Motion to Dismiss as to Sec. 559.72(6).

Sec. 559.72(9), Fla. Stat., provides that no person shall:

(9) Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist.

Case No. 8:14-CV-1511-T-17AEP

To the extent that Plaintiff's claim under Sec. 559.72(9) is premised on the underlying debt, the Note and Mortgage outline the Lender's remedies upon default. Defendant argues that Plaintiff admits the existence of her mortgage debt, that Plaintiff defaulted on the loan, and that Defendant had servicing rights to the loan; in other words, Plaintiff does not dispute the legitimacy of the underlying debt.

As to FCCPA Sec. 559.72(9), considering the allegations of the Complaint in the light most favorable to Plaintiff, Plaintiff is pursuing a FCCPA claim for Defendant's alleged attempt to collect fees in excess of the fees allowed by the terms of the Note and Mortgage, i.e. collection fees which Defendant knew Defendant did not have a legal right to collect.

After consideration, the Court grants the Motion to Dismiss Count IV as to Sec. 559.72(6), and denies the Motion to Dismiss Count IV as to Sec. 559.72(9).

Count V   FDCPA

Defendant moves to dismiss the FDCPA claim because Defendant does not meet the definition of "debt collector" in 15 U.S.C. Sec. 1692a(6)(F)(iii).

Plaintiff responds that factual determinations are needed to determine whether Defendant is a debt collector.

The FDCPA defines a "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). Under the FDCPA, consumer's creditors, a mortgage servicing company, or an assignee of a debt are not considered "debt collectors," as long as the

12

debt was not in default at the time it was assigned. See Monroe v. Citimortgage, Inc., 2007 WL 1560194 at *2 (M.D. Fla. May 29, 2007)(citing Belin v. Litton Loan Servicing, L.P., 2006 WL 1992410 at *2 (M.D. Fla. 2006)).

In order to plead adequately under the FDCPA, Plaintiff Porciello must allege that Defendant Bank of America, N.A. is a "debt collector." Defendant Bank of America, N.A. has been servicing the subject loan since the inception of the loan. (Complaint, Dkt. 2, p. 3, pars. 13-17).

The Court relies on the allegations in Plaintiff's Complaint, which the Court takes to be true for the purpose of determining the Motion to Dismiss. The allegations of Plaintiff's Complaint establish that Defendant was servicing the subject loan before the debt went into default. Therefore, Defendant Bank of America, N.A., servicer of the subject loan, does not meet the definition of debt collector in 15 U.S.C. Sec. 1692a(6)(F)(iii).

After consideration, the Court grants Defendant's Motion to Dismiss as to Count V.

Count VI   FDUTPA

Defendant moves to dismiss the FDUTPA claim with prejudice because FDUTPA does not apply to Defendant as a national banking association.

Plaintiff responds that at this stage, the Court should look to see whether Plaintiff has plead a short and plain statement showing that Plaintiff is entitled to relief, and not make a factual determination as to whether Defendant is liable under FDUTPA.

In the Complaint, Plaintiff Porciello alleges that Defendant Bank of America, N.A.

Case No. 8:14-CV-1511-T-17AEP

f/k/a BAC Home Loan Servicing, L.P. f/k/a Countrywide Home Loan Servicing, L.P. was a national association with its principal place of business in North Carolina according to its articles of association.

Sec. 501.212(4)(c), Fla. Stat. provides that this part does not apply to banks and savings and loan associations regulated by federal agencies. See Bankers Trust Co. v. Basciano, 960 So.2d 773, 778-79 (Fla. 5th DCA 2007)("FDUTPA does not apply to banks and savings and loan associations regulated by the state or the federal government.") National banks are regulated by the Office of the Comptroller of the Currency, a bureau of the United States Treasury Department. See 12 U.S.C. Secs. 24, 93, 371(a); Watters v. Wachovia Bank, N.A., 550 U.S. 1, 6 (2007).

In considering Defendant's Motion to Dismiss, the Court is entitled to take the allegations of the Complaint as true. The Court is not making a factual determination when the Court relies on the allegations of Plaintiff's Complaint. As a matter of law, FDUTPA does not apply to banks regulated by the state or the federal government. After consideration, the Court grants Defendant's Motion to Dismiss as to Count VI.

Count VII   Negligent Infliction of Emotional Distress

Defendant moves to dismiss Plaintiff's claim for negligent infliction of emotional distress because Plaintiff does not allege any "impact" or facts on which an exception to the impact rule would apply. See Sims v. Chase Home Finance, LLC, 471 Fed. Appx. 877, 878 (11th Cir. 2012)(Sims failed to allege she had suffered a physical impact...without which she had no basis to bring a claim for the negligent infliction of emotional distress."); Echeverria v. BAC Home Loans Servicing, L.P., 900 F.Supp.2d 1299, 1304 (M.D. Fla. 2012), aff'd 523 Fed. Appx. 675, 677 (11th Cir. 2013).

Case No. 8:14-CV-1511-T-17AEP

Plaintiff responds that Plaintiff has alleged sufficient facts to deny Defendant's Motion to Dismiss.

In the Complaint, Plaintiff alleges that, as a result of Defendant's conduct, "Plaintiff suffered physical injury in the form of headaches and pre-seizure symptoms due to stress and anxiety," Plaintiff's physical injuries were caused by the psychological trauma of stress and anxiety, and Plaintiff was involved in the events causing the negligent injury to Plaintiff because Plaintiff directly suffered the impact of physical injury." (Dkt. 2, p. 14, pars. 68-70).

The impact rule, as applied in Florida, requires that "before a plaintiff can recover damages for emotional distress caused by the negligence of another, the emotional distress suffered must flow from physical injuries the plaintiff sustained in an impact." Florida Dept. of Corrections v. Abril, 969 So.2d 201, 206 (Fla. 2007). The Florida Supreme Court has recognized narrow exceptions to the impact rule, finding that the impact rule does not apply to intentional torts, such as defamation, invasion of privacy, and intentional infliction of emotional distress, or "freestanding torts," which exist regardless of what emotional damages may accompany the torts such as wrongful birth. Rowell v. Holt, 850 So.2d 474, 478 (Fla. 2003); Kush v. Lloyd, 616 So.2d 415, 422 (Fla. 1992). Another recognized exception to the impact rule is for breach of the duty of confidentiality as to the release of sensitive personal information. Gracey v. Eaker, 837 So.2d 348 (Fla. 2002).

> In Zell v. Meek, 665 So.2d 1048 (Fla. 1985), the Florida Supreme Court held:
> (1) temporal proximity between psychic injury and causally connected physical impairment is not absolute inflexible requirement for recovery for negligent infliction of emotional distress, but is merely relevant factor to be considered; (2) factual question of requisite causation between psychic injury and physical injury is to be decided on case-by-case basis; and (3) fact issue as to whether causal connection existed in instant case precluded summary judgment.

Case No. 8:14-CV-1511-T-17AEP

In <u>Zell v. Meek</u>, 665 So.2d 1048, 1054 (Fla. 1995), the Florida Supreme Court held:

> We reaffirm our qualification of the foreseeability test and restate, consistent with *Champion,* the elements required to allege a cause of action for negligent infliction of emotional distress: (1) the plaintiff must suffer a physical injury; (2) the plaintiff's physical injury must be caused by the psychological trauma; (3) the plaintiff must be involved in some way in the event causing the negligent injury to another; and (4) the plaintiff must have a close personal relationship to the directly injured person.

In <u>Champion v. Gray</u>, 478 So.2d 17, 20 (Fla. 1985), the Florida Supreme Court recognized a claim for physical injuries occurring without an actual impact; the Florida Supreme Court held that "a claim exists for damages flowing from a discernible physical injury when such injury is caused by psychic trauma resulting from negligent injury imposed on another who, because of his relationship to the injured party and his involvement in the event causing that injury, is foreseeably injured." At the same time that the Florida Supreme Court recognized a claim for physical injuries caused by emotional distress, the Florida Supreme Court refused to recognize a claim for psychic harm alone. The Florida Supreme Court rejected the impact rule to the extent that the Court held that no impact need be shown where psychological trauma could be demonstrated to cause demonstrable physical injury, but retained the rule as a bar to psychic injuries resulting from such trauma. In addition to the requirement of a physical injury, the Court limited the class of claimants to those who, because of [their] relationship to the [directly] injured party and [their] involvement in the event causing the injury, [are] foreseeably injured. In <u>Champion</u>, the Florida Supreme Court was unwilling to expand [the impact rule] to purely subjective and speculative damages for psychic trauma alone. The same day that the Florida Supreme Court decided <u>Champion v. Gray</u>, the Florida Supreme Court decided <u>Brown v. Cadillac Motor Car Division</u>, 468 So.2d 903, 904 (Fla. 1985), in which the Court rejected a claim for psychic injuries resulting to a son who witnessed his mother's death, and held that "psychological trauma must cause a demonstrable physical injury such as death, paralysis, muscular impairment or similar objectively discernible physical impairment."

Case No. 8:14-CV-1511-T-17AEP

In this case, Plaintiff Porciello is the directly-injured party.  Plaintiff does not allege an impact that caused Plaintiff's physical impairments, nor does Plaintiff's claim flow from objectively discernible physical impairments caused by psychic trauma experienced by Plaintiff Porciello when she witnessed negligent injury to another.

After consideration, the Court grants Defendant's Motion to Dismiss as to Count VII. Accordingly it is

**ORDERED** that the Court determines Defendant's Motion to Dismiss as follows:

As to Count I, the Motion to Dismiss is **granted** as to the claim for statutory damages, and **denied** as to the claim for actual damages;

As to Count II, the Motion to Dismiss is **granted** due to lack of standing;

As to Count III, the Motion to Dismiss is **granted**, with leave to amend to assert a breach of contract claim, by filing an amended complaint within fourteen days;

As to Count IV, the Motion to Dismiss is **granted** as to the claim under Sec. 559.72(6) and **denied** as to the claim under Sec. 559.72(9);

As to Count V, the Motion to Dismiss is **granted**;

As to Count VI, the Motion to Dismiss is **granted**;

As to Count VII, the Motion to Dismiss is **granted**.

Case No. 8:14-CV-1511-T-17AEP

**DONE and ORDERED** in Chambers, in Tampa, Florida on this 3rd day of March, 2015.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record